IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **MUTATIE JOHNSON,** *Plaintiff,* v. **THE GEO GROUP, INC. et al.,** *Defendants.* | **CIVIL ACTION** **NO. 22-2224** |

## MEMORANDUM RE: MOTION FOR LEAVE TO AMEND

**Baylson, J.**                                                                                     May 1, 2023

Plaintiff's Motion for Leave to Amend (ECF No. 12) seeks to substitute "John Doe" defendants with officers who have since been identified – Jarred McCafferty and Kyle Connolly (the "named officers"). The parties do not dispute that the applicable statute of limitations typically bars adding a party after this amount of time. But they dispute whether the amended complaint including the named officers would relate back to the date that the original was filed.

The Third Circuit outlined several key requirements of the relation back doctrine under Federal Rule of Civil Procedure 15 in Garvin v. City of Philadelphia:

> In order to change the party or the naming of the party against whom claims are asserted, a plaintiff must show (1) the claim or defense set forth in the amended pleading arose out of the conduct, transaction or occurrence set forth in the original pleading; (2) within the time period provided in Rule 4(m), the party or parties to be added received notice of the institution of the suit and would not be prejudiced in maintaining a defense; and (3) the party sought to be added knew that, but for a mistake concerning his or her identity, he or she would have been made a party to the action.

1

354 F.3d 215, 221 (3d Cir. 2003).  See also Fed. R. Civ. P. 15.

**1) Actual Notice**

Plaintiff argues that the named officers received notice of the action because Defendants' counsel answered the complaints within the 120-day time period provided by Rule 4(m).  She contends that the filing of an answer demonstrates that an investigation had taken place and that the named officers would "naturally" have been questioned by Defendants, thereby receiving notice of the lawsuit, within the Rule 4(m) time period.  This theory is speculative, and Plaintiff offers no case law that it has been accepted by other courts.

Still, the argument holds even less water here because neither named officer had any affiliation with Defendants when the complaint was served.  Defendants were served on May 9, 2022.  See ECF No. 1 at 29.  Mr. Connolly had left Defendants' employ at the George W. Hill Correctional Facility in September 2020.  Further, on April 4, 2022, Delaware County took over operation of the correctional facility.  When that occurred, Mr. McCafferty became an employee of Delaware County, not Defendants.  Thus by May 2022, when Defendants received notice of the lawsuit, neither named officer had any affiliation with them.  Too much speculation is required for the Court to conclude that Defendants would naturally have given notice to the unaffiliated named officers within the 120-day time period provided by Rule 4(m).

**2) Notice - Shared Attorney or Identity of Interest**

Plaintiff references two additional theories recognized by some courts that allow notice to be imputed to non-parties.  First, the "shared attorney" method recognizes that when an originally named party and the party sought to be added are represented by the same attorney, the attorney has likely communicated with the latter noting that they would likely be added and given notice of the suit.  See, e.g., Gleason v. McBride, 869 F.2d 688, 693 (2d Cir.1989);

Barkins v. Int'l Inns, Inc., 825 F.2d 905, 907 (5th Cir.1987).  Plaintiff has not alleged that the named officers are represented by the same attorneys as Defendants, nor can the Court infer it, especially since these entities are no longer affiliated.

Second, the "identity of interest" theory allows a court to impute notice to a non-party when a party and non-party are so closely related in their business operations or other activities that the commencement of an action against one provides notice to the other.  6A Charles A. Wright et al., Federal Practice and Procedure § 1499 (3d ed.).  Plaintiff argues that the two officers "are highly enough placed in the prison hierarchy [as sergeants] that their interests as employees are identical to the prison's interests."  Mot. at 9.  But at the time that Defendants received notice in May 2022, they no longer had any affiliation with the named officers.  Plaintiff offers no allegations that any close relationship between Defendants and the named officers existed after Defendants stopped operating the correctional facility.  Accordingly, Plaintiff has not shown that an identity of interest existed.

Plaintiff has been unable to show that the claims against the named officers can relate back to the filing of the original complaint.  Thus, Plaintiff's claims against the named officers are barred by the statute of limitations and the Court will deny Plaintiff's motion.  An appropriate order follows.